# Alonzo W. Clemens's Appeal.

Where a court of common pleas was asked, upon a rule to show cause granted upon a petition, to set aside an order and decree made over three years before, in an action of partition to which the petitioner was a party defendant, charging a certain sum upon a purpart of the land in suit, subsequently purchased by the petitioner, to protect an estate by the curtesy, the petition to set aside such order being based upon the ground that the wife of the alleged tenant by the curtesy had never been seised of the land so as to entitle her husband to an estate by the curtesy therein,—*Held*, that the order sought to be set aside being consistent with the judgment in partition (rendered some seven years before said petition was presented) it must stand while the judgment stands; and that as no fraud was practised upon the court the right to disturb the judgment at such a late day was more than doubtful; hence, *held, further* (without passing on the merits), that the petition to set aside said order was properly denied.

(Argued October 19, 1887.  Decided October 31, 1887.)

October Term, 1887, No. 34, W. D., before Gordon, Ch. J., Paxson, Sterrett, Green, and Williams, JJ.  Appeal from a decree of the Common Pleas of Washington County discharging a rule to show cause why an order and decree made in an action of partition, charging certain land with an estate by the curtesy, should not be set aside.  Affirmed.

Isaac J. Deeds was intermarried with Veturia, a daughter of John Clemens, late of Buffalo township, Washington county, Pa., who died intestate, seised of a tract of land in said township, containing about 275 acres; he left surviving him a widow, Louisa H., and five children, to wit: Isaac W., Wm. M., Alonzo W., Louisa, and Veturia Clemens.  In his will, the testator, after directing that his debts and funeral expenses be paid, devised the rest of his estate to Louisa H. Clemens, the widow, for and during her life.  After her death, and after the payment of

NOTE.—The partition proceedings in this case were instituted by the husband, who was entitled to a one-fifth interest in the land for life.  One having an estate, legal or equitable, is entitled to ask for partition.  Holmes v. Fulton, 193 Pa. 270, 44 Atl. 426.  When the life tenant does not institute the proceeding, he should be joined as a party.  Klingensmith's Estate, 130 Pa. 516, 18 Atl. 1064; Cowan's Appeal, 2 Monaghan (Pa.) 609, 16 Atl. 28; Ragan's Estate, 7 Watts, 438.

two specific legacies, he devised the remainder of his estate to his five children, above named, share and share alike.

Veturia Deeds died October 25, 1873, intestate, and without issue, in the lifetime of the widow, and during the continuance of the life estate of the said widow.

Louisa H. Clemens, the life tenant, died November 30, 1875. After her death, Isaac J. Deeds, defendant, commenced proceedings, in the court of common pleas of Washington county, Pa., to No. 182, August Term, 1876, claiming to be tenant by the curtesy of his wife, of the real estate devised to her in remainder, under the said will.

In pursuance of a judgment rendered by consent March 1, 1877, the proceedings in partition, the said real estate was divided into three purparts. Two of these purparts, A and C, were taken at their appraised valuation, and the other purpart, B, was by a decree made August 20, 1877, directed to be sold, and was purchased by Wm. M. Clemens. The share of each of the above named children was ascertained to be $2,551.19. One of these shares was decreed by said court, by consent of the parties, October 21, 1877, to be charged on purpart B, to protect the curtesy of Deeds, and the interest to be paid to him annually as tenant by the curtesy.

Alonzo W. Clemens, who is now the owner by purchase of the said purpart B, on the 5th day of May, 1884, presented his petition to the said court of common pleas, asking for a rule on the said Deeds, to show cause why the decree made to No. 182, August Term, 1876, and amended and finally made by the court on March 14, 1881, whereby the interest on the sum of $2,551.19 is directed to be paid to him as tenant by the curtesy, should not be rescinded, annulled, and set aside, on the ground that said "Veturia Deeds, the wife of said Isaac J. Deeds, having died on the 25th day of October, 1873, and before the death of Louisa H. Clemens, the tenant for life of the lands described of the right of curtesy of her said husband, she, the said Veturia, Deeds in said lands at her death descended to her heirs, divested of the right of curtesy of her said husband, she, the said Veturia, having had during her lifetime neither the actual nor potential seisin of said real estate to entitle her husband at her death to be tenant by the curtesy thereof." To this petition the said Deeds demurred on the grounds: 1, The judgment of March 1, 1877, and decree of August 20, 1877, conclude the petitioner

and bar his way to obtaining the prayed-for relief on the said pe-
tition; 2, that petitioner has been guilty of laches in that he
waited five years after he had attained his majority, and three
years after he was served with a rule obtained March 7, 1881,
giving him full notice of said Deeds's estate in the land de-
scribed in the declaration under the above judgment and decree
before he filed his petition; and he does not give any or sufficient
reason for such delay; and 3, that the court has no power, on the
said petition, to grant the relief prayed for.

The court by a decree rendered December 30, 1886, sustained
the demurrer and discharged the said rule.

From that decree this appeal is taken, the error asigned being
the action of the court in sustaining the demurrer and in enter-
ing the decree discharging the rule.

*Henry Gantz* and *Braden & Miller,* for appellant.—Deeds's
wife having died during the existence of the life estate, her hus-
band (who survived her) would not be entitled to curtesy in her
share of the land.   Of course the demurrer of the appellee ad-
mits all the facts set forth in the petition for relief.   Com. v.
Cross Cut R. Co. 53 Pa. 62.

There can be no tenancy by the curtesy of a reversion or re-
mainder vested in the wife, if the particular estate continues un-
til the death of the wife.   Chew v. Southwark, 5 Rawle, 160;
Hitner v. Ege, 23 Pa. 305; Shoemaker v. Walker, 2 Serg. & R.
554; Young v. McIntyre, 6 W. N. C. 252.

The application to the court below by the appellant was, al-
though perhaps not in strict form, a bill of review.   It was an
application to the equity of the court to correct a gross error in
law, which it had been led into by the claim of the appellee for
curtesy, which he was not entitled to, but which was decreed to
him because the question of his right was not adjudicated by the
court at the time of the decree, for the reason that the facts were
not before the court.

In the present case the application was in time, having been
made in about three years from the amended or final decree of
the court.   This application is not in the orphans' court, and
therefore the period allowed by the act of 1840 does not apply;
but it has been held, even in the orphans' court, that a plain mis-
take made by the court in its decrees will be corrected after
three years, where no rights have intervened in the meantime.
George's Appeal, 12 Pa. 260.

We admit that the error complained of may be held not to appear upon the face of the decree. But the petition, answer, demurrer, and the entire record, are held as forming a part of the decree, so that if the error in law appears in the pleadings it will entitle the party affected to a bill of review even under the strict rules of chancery. 19 Pa. 433; Dennison v. Goehering, 6 Pa. 404.

The orphans' court will reverse and correct its decrees when no right has been changed in consequence of it, irrespective of the statute, and although the errors do not appear upon the face of the decree and new matter is not alleged. Mitcheson's Estate, 11 W. N. C. 240; George's Appeal, 12 Pa. 260; Bishop's Appeal, 26 Pa. 470.

The case of Whelen's Appeal, 70 Pa. 410, is a case in point, showing the relief that a court of equity will grant when a party has acted in misconception or ignorance of his rights.

The court of common pleas has full power over its own records and decrees, and will not refuse to amend or annul them to prevent injustice. It is common practice for this court to open and set aside its decrees where a gross wrong would otherwise be perpetrated, and where the rights of third parties have not intervened. See Beek's Appeal, 15 Pa. 406.

A judgment or decree of a court having jurisdiction is only conclusive of the question passed upon in the hearing of the case. No one pretends in this case that the right of Deeds to curtesy was litigated or adjudicated by the court at the time when the decree was made. It cannot be inferred by argument from the decree itself that his right was passed upon by the court. Hibshman v. Dulleban, 4 Watts, 183; Lentz v. Wallace, 17 Pa. 412, 55 Am. Dec. 569; Martin v. Gernandt, 19 Pa. 124; Tams v. Lewis, 42 Pa. 402; Lewis's Appeal, 67 Pa. 165.

*John Aiken* and *J. W. & A. Donnan*, for Isaac J. Deeds, appellee.—The appellant seeks to rid himself of the consent decree entered, fixing the amount of the curtesy charge against his vendor, on October 21, 1877, modified as to amount on March 14, 1881.

He is met by the consent decree of judgment *quod partitio fiat* entered March 1, 1877, by a court having jurisdiction of the parties and the subject-matter, establishing the plaintiff's right to a life estate in the land described in the writ. The plaintiff

averred in his declaration that he and the defendants, together and undivided, held the land, and that he was entitled to the one fifth thereof for the term of his natural life. The fact to be determined in the action was whether that averment was true. The plea filed confessed his right, and the judgment of the court sustained it, and awarded a writ to set apart his share in severalty. This, not only by the words of the act, but by the issue created by the proceeding itself, conclusively established the plaintiff's title, and is final and conclusive at law on all parties to the record, and on all persons holding under them afterwards, until reversed or set aside. Freeman, Judgm. § 485; Herr v. Herr, 5 Pa. 428, 47 Am. Dec. 416; Merklein v. Trapnell, 34 Pa. 42, 75 Am. Dec. 634; Ihmsen v. Ormsby, 32 Pa. 198; Gesell's Appeal, 84 Pa. 238; Clapp v. Bromagham, 9 Cow. 569.

Persons under disability of age or otherwise are bound equally with those *sui juris*. Act April 7, 1807.

The petitioner, therefore, can have no advantage on account of his minority. Warfield v. Fox, 53 Pa. 382; Beckford v. Wade, 17 Ves. Jr. 92.

Until the appellant can have this proceeding annulled and set aside and the conveyance made by the sheriff reformed, Deeds has a legal right to the interest awarded to him.

This brings us to the main question in the case: Was it the duty of the court, under the facts stated in the petition, to annul and set aside the judgment awarding to Isaac J. Deeds his curtesy estate in the land described in the writ?

Where, as in this case, the proceedings are adverse, and the defendant has been brought into court, appearance entered for him, and the cause has been proceeded with, in the regular and ordinary manner, to judgment, the power of the court over such judgment ends with the term at which it is entered. Mathers v. Patterson, 33 Pa. 485; Com. v. Mayloy, 57 Pa. 291; Catlin v. Robinson, 2 Watts, 380; Stephens v. Cowan, 6 Watts, 513; Ullery v. Clark, 18 Pa. 148.

This court cannot open or annul a judgment obtained adversely, after the time within which a writ of error could have been sued out. Smyser v. Brooks, 1 Pearson (Pa.) 232. See also Neill's Appeal, 93 Pa. 181.

But assuming that the court below had jurisdiction, and treating the petition as in substance a bill of equity, the complainant does not make out a case entitling him to relief; and a demurrer

for want of matter of equity in the plaintiff's case must be sustained.

We concede that a court of equity, in Pennsylvania, under the act of April 16, 1845, has jurisdiction in all cases over which courts of chancery entertain jurisdiction on the ground of fraud, accident, or mistake; and that in a proper case on any of these grounds a judgment at law may be reviewed.   Wistar v. McManes, 54 Pa. 318, 93 Am. Dec. 700; Gordonier v. Billings, 77 Pa. 498.

Can the appellant, then, be relieved in equity from this judgment on the ground of a mistake in law?

That ignorance of the law excuses not is a familiar maxim, which holds true in courts of equity as well as of law.    Broom, Legal Maxims, 260; 1 Story, Eq. § 3.

Whatever exceptions there may be to the rule will be found few in number, and to have something peculiar in their character (Hunt v. Rhodes, 1 Pet. 15 [see note to 7 L. ed. 33]; 1 Story, Eq. § 116); and to have been caused by imposition and misrepresentation or undue influence used by the party receiving the advantage (Story, Eq. § 137).

In Pennsylvania the rule is adhered to with the greatest strictness.    The first case in which the question was fairly raised is Rankin v. Mortimere, 7 Watts, 372.

The next case in which this principle is treated of is Good v. Herr, 7 Watts & S. 253, 42 Am. Dec. 236.

The same questions were again raised in McAninch v. Laughlin, 13 Pa. 371.

The judgment in the case at bar was entered by consent of the appellant, and cannot now be impeached unless such consent was fraudulently obtained.

In Thompson v. Maxwell Land Grant & R. Co. 95 U. S. 391, 24 L. ed. 481, a bill in equity was filed to establish title and for a partition.   In the course of the proceeding a decree was entered by consent of all the parties which it was afterwards sought to set aside.   In passing upon this question, BRADLEY, J., says:   "If the bill is to be regarded as a bill of review  .  .  . the proceedings are clearly objectionable, on the following grounds: first, the decree sought to be set aside and reversed was a consent decree.   It is a general rule that against such a decree a bill of review will not lie.   Webb v. Webb, 3 Swanst. 658."    See also French v. Shotwell, 5 Johns. Ch. 564; Bradish

v. Gee, 1 Ambl. 229, 2 Dan. Ch. Pr. 973; Ryder v. Phœnix Ins. Co. 101 Mass. 548; and Atkinson v. Manks, 1 Cow. 709.

This court holds rigidly to the rule laid down by Lord BACON that, as a matter of right, no bill of review shall be admitted except it contain either error in law appearing in the body of the decree, without further examination of matter in fact, or some new matter which hath arisen in time after the decree. Green's Appeal, 59 Pa. 238; Riddle's Estate, 19 Pa. 433; Hartman's Appeal, 36 Pa. 70.

To the same effect is a standard text writer on chancery practice: "The only questions open on a bill of review for error apparent are such as arise upon the pleadings, proceedings, and decree, and the evidence cannot be looked to; and if the evidence be set out in the bill, a demurrer should be sustained on that ground alone." 2 Dan. Ch. Pr. 5th Am. ed. 1578, note; Id. 1577. See also Buffington v. Harvey, 95 U. S. 99, 24 L. ed. 381.

In Beard v. Burts, 95 U. S. 436, 24 L. ed. 486, the conclusions of fact of the court below are held to be conclusive on a bill of review for errors of law apparent.

Equally fruitless must be any effort to have the bill allowed on the only other ground on which bills of review are permitted, and then not as a matter of right but entirely in the discretion of the court,—namely, when there is newly discovered matter or new proof that has come to light after the decree was made, which could not possibly have been used at the time when the decree was passed. Riddle's Estate, 19 Pa. 431; Russell's Appeal, 34 Pa. 258; Green's Appeal, 59 Pa. 235; Simpson v. Watts, 6 Rich. Eq. 364, 62 Am. Dec. 392; Livingston v. Hubbs, 3 Johns. Ch. 124; Dexter v. Arnold, 5 Mason, 303, Fed. Cas. No. 3,856; Wetherill's Estate, 8 W. N. C. 238; Story, Eq. Pl. § 414, and note.

PER CURIAM:

The court below was asked, upon a rule to show cause, to rescind and set aside an order and decree made in an action of partition in 1881; and this without any motion or attempt to open the judgment upon which the order was made.

The order which is complained of is consistent with the judgment in partition, and while that stands the order must stand also. As no fraud was practised upon the court the right to dis-

turb the judgment at this late day is more than doubtful. We decline to express any opinion upon the merits of the case, as they are not legitimately before us. The court below properly refused the order prayed for.

Decree affirmed and the appeal dismissed, at the costs of the appellants.